791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT HOWARD, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-5393
 United States Court of Appeals, Sixth Circuit.
 4/1/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL from the United States District Court for the Eastern District of Kentucky
 Before: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner-appellant, Robert Howard, was convicted of the attempted armed robbery of a bank in Erlanger, Kentucky in violation of 18 U.S.C. Sec. 2113(a) and (d). This Court affirmed petitioner's conviction and the Supreme Court denied certiorari. On August 2, 1983, petitioner filed this petition to vacate his sentence in the United States District Court for the Eastern District of Kentucky. The District Court referred the matter to a magistrate for a report and recommendation. After an evidentiary hearing, the magistrate filed an extensive report and recommendation suggesting that the District Court deny the requested relief. On March 27, 1985, the District Court adopted the magistrate's report and recommendation and dismissed the petition for habeas corpus relief.
 
 
 2
 On appeal, petitioner raises two issues: (1) Whether defense counsel's failure to investigate and present petitioner's alibi defense and counsel's failure to cross-examine and impeach the credibility of material government witnesses deprived petitioner of his sixth amendment right to the effective assistance of counsel; and (2) Whether the government's suppression of evidence violated petitioner's fifth amendment right to a fair trial.
 
 
 3
 The magistrate concluded that petitioner's counsel conducted an adequate investigation and, for sound strategic reasons, decided not to present the unbelievable alibi defense or cross-examine a government witness about a prior conviction involving petitioner. We agree.
 
 
 4
 The magistrate concluded that the items of evidence which the prosecution did not disclose to defense counsel were not exculpatory. In United States v. Bagley, 105 S. Ct. 3375 (1985), the Supreme Court recently clarified the standard of materiality that courts must use when a prosecutor fails to disclose requested evidence. A majority of the Justices agreed that 'evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' Id. at 3384; see also id. at 3385 (White, J., concurring in part and concurring in the judgment). In this case, the undisclosed evidence does not raise a reasonable probability that if the prosecution had disclosed the various items, the jury would have reached a different verdict. Furthermore, in Bagley, the Supreme Court also stated that: '[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial . . ..' Id. at 3380 (footnote omitted). Consequently, we agree that the nondisclosure of the evidence in this case did not deprive petitioner of a fair trial.
 
 
 5
 Accordingly, the judgment of the District Court is affirmed.